235 F.2d 478
 STATE OF TENNESSEE, Appellant,
v.
UNITED STATES of America et al., Appellees.
UNITED STATES of America, Appellant,
v.
STATE OF TENNESSEE et al., Appellees.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
UNITED STATES of America, Appellee.
SEVIER COUNTY, Tennessee, Appellant,
v.
STATE OF TENNESSEE et al., Appellees.
 Nos. 12657-12660.
 United States Court of Appeals Sixth Circuit.
 July 27, 1956.
 
 Appeal from the United States District Court for the Eastern District of Tennessee, Knoxville; Robert L. Taylor, Judge.
 
 
 1
 Richard L. Carson, Knoxville, Tenn., for State of Tenn.
 
 
 2
 John C. Crawford, Jr., Knoxville, Tenn., and Perry W. Morton, Wash., D. C. for United States.
 
 
 3
 Frantz, McConnell & Seymour, Knoxville, Tenn., and Bass, Berry & Sims, Nashville, Tenn., for So. Bell T & T.
 
 
 4
 David M. Pack, Sevierville, Tenn., and R. R. Kramer, Knoxville, Tenn., for Sevier County, Tenn.
 
 
 5
 Before MARTIN and STEWART, Circuit Judges, and STARR, District Judge.
 
 
 6
 PER CURIAM.
 
 
 7
 From consideration of the record on appeal and the able briefs and arguments of counsel for the respective parties the court concludes that, before determining the issues involved, these cases should be remanded to the district court for the making of certain additional findings of fact. Therefore, these cases are remanded and the district court is directed to make its findings of fact determining:
 
 
 8
 (1) Whether on February 19, 1953, when the action out of which these appeals arose was begun by the United States, all of the telephone lines, poles, and facilities of the Southern Bell Telephone and Telegraph Company were located and maintained entirely within and upon the public highway right-of-way involved in the action, being the public highway or roadway between Gatlinburg and Banner Bridge in Sevier county, Tennessee; or
 
 
 9
 (2) Whether on February 19, 1953, all of the telephone lines, poles, and facilities of Southern Bell were located and maintained entirely off said public highway right-of-way.
 
 
 10
 (3) In case the district court determines as a fact that on February 19, 1953, a part or portion of the lines, poles, and facilities of Southern Bell were located and maintained within and upon and a part or portion thereof were located and maintained off, said public highway right-of-way, then the district court shall make and return its further finding of fact as to the approximate part or portion of said lines, poles, and facilities which were located and maintained within and upon said public highway right-of-way, and the approximate part or portion thereof which were located and maintained off said public highway right-of-way.
 
 
 11
 (4) On the basis of its determination of the issues of fact raised in paragraphs 1, 2, and 3 above, the district court shall make and return its further finding of fact as to the amount of compensation, if any, which Southern Bell may be entitled to recover, and also a finding of fact as to the basis for its determination of such compensation.
 
 
 12
 In determining the foregoing questions of fact, the district court may conduct such further hearings and take such further testimony as it deems necessary.